UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DYLAN MONTGOMERY,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-2969-T-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Following an administrative hearing held on April 24, 2017, the assigned Administrative Law Judge ("ALJ") issued a decision, finding Plaintiff not disabled from July 1, 2009, the alleged disability onset date, through November 1, 2017, the date of the ALJ's decision.[2] (Tr. 42-56, 63-104, 252, 254.)

In reaching the decision, the ALJ found that Plaintiff had the following severe impairments: seizure disorder, lumbar spine disorder, gastroesophageal

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 16.)

[2] Plaintiff had to establish disability on or before December 31, 2010, his date last insured, in order to be entitled to a period of disability and DIB. (Tr. 42.)

reflux disease ("GERD"), bipolar disorder, and attention deficit disorder ("ADD"). (Tr. 44.) The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. (Tr. 47.) Then, after determining that Plaintiff was not capable of performing any past relevant work, the ALJ found, based on the testimony of the vocational expert ("VE") and considering Plaintiff's age, education, work experience, and RFC, that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, such as the jobs of cleaner/housekeeper (DOT number 323.687-014), office helper (DOT number 239.567-010), and electronics worker (DOT number 726.687-010). (Tr. 54-56.)

Plaintiff is appealing the Commissioner's decision that he was not disabled from July 1, 2009 through November 1, 2017. Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. Plaintiff is also moving for remand under sentence six of 42 U.S.C. § 405(g) for consideration of evidence from the Headache & Neurology Clinic, which came into existence on August 13, 2019 and was presented for the first time to this Court as an attachment to Plaintiff's motion filed September 11, 2019. (*See* Doc. 27.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g), and Plaintiff's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) is **DENIED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

In his brief, Plaintiff argues that the ALJ erred in evaluating the September 23, 2015 Physical RFC Assessment by Sunita Patel, M.D., a State agency non-examining consultant, because the ALJ did not mention or discuss the

manipulative limitations assessed by Dr. Patel as to Plaintiff's left upper extremity. (*See* Tr. 156.) Defendant responds that substantial evidence supports the ALJ's decision that Plaintiff was not disabled. The Court agrees with Defendant.

After a review of the records available as of September 23, 2015, Dr. Patel opined, in relevant part, that Plaintiff's fingering (fine manipulation) and feeling (skin receptors) would be "limited" on the left upper extremity.[3] (*Id.*) Dr. Patel explained:

> Electrodiagnostic study [of the] left upper extremity shows mild left ulnar nerve entrapment at the elbow. Exam– Sensation decreased in the left hand to elbow. [Deep tendon reflexes] intact. Motor strength is normal. Mild action tremor in hands. Tremor is projected to be controlled with strict abstinence from any alcohol use.
>
> The claimant's overall physical findings indicate that the claimant can perform fingering and feeling operations frequently.

(*Id.*)

The ALJ found, at step two of the sequential evaluation process, that Plaintiff's mild entrapment of the left ulnar nerve was not a severe impairment. (Tr. 44.) He explained:

> [T]he records from The Headache and Neurology Clinic show that in December 2014[,] the claimant complained of hand and forearm numbness and neck pain down the left shoulder. On exam, he had normal muscle, tone, and deep tendon reflexes of the extremities, but he exhibited impaired sensation in the left medial aspect of the

---

[3] Dr. Patel also opined that Plaintiff could sit for about six hours, stand and/or walk for about six hours in an eight-hour workday, lift and/or carry 50 pounds occasionally and 25 pounds frequently, never climb ladders/ropes/scaffolds, and should avoid even moderate exposure to hazards. (Tr. 155-57.)

> left hand and forearm to the elbow (Ex. 16F/12-13). A subsequent nerve conduction velocity test (NCV) and electromyogram (EMG) study revealed mild entrapment of the left ulnar nerve across the elbow (Ex. 16F/15-16). However, by January 2015, the claimant reported that the numbness was improving (Ex. 16F/18), and subsequent progress reports do not indicate any additional complaints or any worsening with numbness or tingling of the upper extremities (Ex. 16F/20-29; 20F).
>
> Although the existence of this condition is supported by some objective medical evidence, the resulting limitations did not last longer than twelve months, nor did it cause significant limitations in the claimant's ability to perform basic work functions; thus, the undersigned finds it [to be] non-severe.

(Tr. 45.)

Then, in determining the RFC, the ALJ noted Plaintiff's tremors and otherwise generally unremarkable examination findings as to Plaintiff's upper extremities. (*See* Tr. 49 (noting, as of January 2014, "mild action tremor in the hands," but intact sensations throughout and "normal muscle strength in the bilateral upper and lower extremities"; also noting, as of December 2016, Plaintiff's "tremors were much better").) As part of his RFC determination, the ALJ gave "limited weight" to Dr. Patel's opinion "because the medical consultant did not have the benefit of the evidence received at the hearing level, which substantiates a more restrictive [RFC]." (Tr. 53.)

As shown earlier, Dr. Patel opined that Plaintiff would be capable of performing medium work (*see* Tr. 155-57), but the ALJ found that the evidence received at the hearing level substantiated a more restrictive RFC and restricted Plaintiff to a limited range of light work as follows:

5

> [The claimant] must avoid balancing and climbing ramps, stairs, ladders, ropes, or scaffolds, as well as avoid concentrated exposure to bright flashing lights. He is limited to occupations which do not require exposure to dangerous machinery and unprotected heights or nighttime operation of a motor vehicle during work. The claimant is further limited to performance of simple, routine, repetitive tasks, not performed in a fast-paced production environment and involving only simple work-related decisions; and in general, relatively few workplace changes, with only occasional interaction with the general public. In addition, he is limited to occupations which do not involve the handling, sale, or access to alcoholic beverages.

(Tr. 47.)

The Court finds no error in the ALJ's evaluation of Dr. Patel's opinion. The ALJ provided explicit and adequate reasons for according this opinion little weight. Specifically, Dr. Patel rendered his opinion on September 23, 2015, well before the April 24, 2017 administrative hearing and more than two years prior to the ALJ's decision. As such, Dr. Patel's opinion did not take into account subsequently generated evidence, which, the ALJ found, did "not indicate any additional complaints or any worsening with numbness or tingling of the upper extremities." (Tr. 45.) As the ALJ noted, progress notes in 2014 showed mild action tremor, but otherwise unremarkable examination findings as to Plaintiff's upper extremities, and by January 2015, the numbness was improving, and further, as of December 2016, the tremors were much better. (Tr. 49.)

The ALJ's findings are supported by substantial evidence. (*See, e.g.*, Tr. 726-27 (noting, as of January 2014, mild action tremor in both hands, but intact sensation and normal muscle strength, tone, and deep tendon reflex ("DTR") in the upper and lower extremities); Tr. 618 & 621 (reporting, as of June 2014,

6

"more tremor in the hands since [the doctor] stopped his Klonopin" in April 2014 due to overuse); Tr. 471-72 (noting mild numbness in all four extremities in November 2014); Tr. 627 (stating that the findings from the December 16, 2014 NCS/EMG suggested mild entrapment of the left ulnar nerve across the elbow); Tr. 614-15 (noting, as of December 2014, mild action tremor in both hands and impaired sensation in the left hand and forearm to the elbow, but normal muscle strength, tone, and DTR in the upper and lower extremities); Tr. 685 (noting that as of January 2015, the numbness was improving); Tr. 610 (noting, as of July 2015, mild action tremor in both hands and impaired sensation in the left hand and forearm to the elbow, but normal muscle strength, tone, and DTR in the upper and lower extremities); Tr. 691 (noting, as of November 2015, mild action tremor in both hands and impaired sensation in the left hand and forearm to the elbow, but normal muscle strength, tone, and DTR in the upper and lower extremities); Tr. 751 (noting that as of May 2016, the hand tremor was "stable"); Tr. 851 (noting that as of November 2016, the hand tremor was "mild"); Tr. 853 (noting that as of December 2016, the hand tremor was "much better").)

Of note, on July 9, 2015, when Plaintiff filled out his Function Report – Adult, he did not indicate any difficulties with using his hands.[4]  (Tr. 305 (also indicating that Plaintiff was right-handed).)  Similarly, at the April 24, 2017 hearing, Plaintiff did not state that he had any manipulative limitations with his

---

[4] The brace/splint that Plaintiff reportedly used was actually a foot brace for seizure cramps.  (*See* Tr. 306, 324, 335.)

7

upper extremities. (*See* Tr. 63-104.) In sum, based on the foregoing, substantial evidence supports the ALJ's evaluation of Dr. Patel's opinion and the ALJ's RFC assessment, which did not impose any manipulative limitations.

Turning to Plaintiff's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g), the Court finds that the Motion is due to be denied. Remand under sentence six is "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

Sentence Six of 42 U.S.C. § 405(g) "provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." *Ingram*, 496 F.3d at 1267. The sixth sentence of 42 U.S.C. § 405(g) provides that:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g). "In order to demonstrate that a remand is necessary 'the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Milano*

*v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)). Good cause "may exist where the evidence did not exist at the time of the administrative proceeding." *Milano*, 809 F.2d at 766-67.

Here, the evidence attached to Plaintiff's Motion was not in existence at the time of the administrative proceedings, because it is a follow-up note, dated August 13, 2019 and signed by Q.A. Fattah, M.D. with the Headache & Neurology Clinic. Accordingly, the Court finds that the evidence is new and that there is good cause for the failure to submit the evidence at the administrative level. However, it is questionable whether this evidence is non-cumulative given that there are multiple references in the record to mild action tremor in both hands and impaired sensation in the left hand.[5] (*See, e.g.*, Tr. 610, 614-15, 691.)

Nevertheless, assuming that the evidence is non-cumulative, remand under sentence six would not be appropriate because the evidence is not material. Contrary to Plaintiff's argument, there is no reasonable possibility that this new evidence, alone or in combination with the other evidence in the administrative record, would change the administrative result. The follow-up note states, in relevant part, that on August 13, 2019, Plaintiff had "[m]ild action tremor in both hands" and impaired sensation in the medial left hand, but the tremor was

---

[5] Although Plaintiff contends that the evidence is "non-cumulative because it indicates a greater severity than earlier generated medical evidence" (Doc. 27 at 2), the follow-up note of August 13, 2019 disproves this contention.

"stable" and "mild," and the examination was otherwise unremarkable. (Doc. 27-1 at 1 (noting normal muscle strength, tone, and DTR in the upper and lower extremities).) The examination findings from August 13, 2019 essentially overlap with the findings from previous examinations in the record. In any event, the "mild" and "stable" tremors referenced in the August 13, 2019 follow-up note are unlikely to change the administrative result. Therefore, a remand under sentence six would not be appropriate.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) (**Doc. 27**) is **DENIED**.

2. The Commissioner's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

3. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on March 18, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record